# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **XULI ZHANG** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 1:10-cv-01328 TSE/IDD** |
| **v.** | : | |
| | : | |
| **ROSS STORES, INC.** | : | |
| | : | |
| **Defendant.** | : | |

---

## DEFENDANT'S MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO RULE 12

Defendant Ross Stores, Inc. ("Defendant"), by counsel, respectfully submits its

Memorandum in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6),

stating as follows:[1]

## STANDARD OF REVIEW

**I.     Standard of Review – Fed. R. Civ. P. 12(b)(5).**

Where a defendant alleges insufficient service of process pursuant to Fed. R. Civ. P.

12(b)(5), the plaintiff bears the burden of proving adequate service. *Danik v. Housing Auth. of*

*Baltimore City, et al.*, 2010 U.S. App. LEXIS 19276 (4th Cir. 2010), *citing Dickerson v.*

*Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010)("'[W]hen a defendant moves to dismiss under

Rule 12(b)(5), the plaintiff bears the burden of proving adequate service.'")(internal citation

omitted).

---

[1]     Defendant contemporaneously files this 16th day of February, 2011 its "Motion to Dismiss
Pursuant to Plaintiff Naming Wrong Party as Defendant." Plaintiff erroneously named Ross Stores, Inc.
as the defendant in this case. The retail store referenced in the complaint located at 6298 Seven Corners
Center, Falls Church, VA 22044 is operated by a Virginia corporation, Ross Dress For Less, Inc. Ross
Stores, Inc., a Delaware corporation, is a distinct entity, and should, accordingly, be dismissed with
prejudice from the instant litigation because it is an erroneously-named defendant.
        Defendant shall, for purposes of Defendant's Rule 12(b)(5) motion, accept the facts as they stand,
which is that Plaintiff sought to effect service on "Ross Store[s], Inc.," which is a Delaware corporation.

## II.     Standard of Review – Fed. R. Civ. P. 12(b)(6).

Where a defendant argues, pursuant to Rule 12(b)(6), that a pleading fails to state a claim

upon which relief can be granted, the standard of review is well known:

> A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. In deciding such a motion, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." A court must take "the material allegations of the complaint" as admitted and liberally construe the complaint in favor of a plaintiff. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." **Indeed, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level**."
>
> In its recent decision, *Ashcroft v. Iqbal*, 129 S. Ct 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court expanded upon *Twombly* by articulating a two-pronged analytical approach to be followed in any Rule 12(b)(6) test.[2]
>
> First, a court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth. "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice.
>
> Second, assuming the veracity of "well-pleaded factual allegations," a court must conduct a "context-specific" analysis drawing on "its judicial experience and common sense" and determine whether the factual allegations "plausibly suggest an entitlement to relief. **The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully."** In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Gerdak v. Doe, et al.*, 2010 U.S. Dist. LEXIS 107326, *4-7 (E.D.Va. 2010)(internal

citations omitted)(emphases added).

Further, it must be noted that Plaintiff proceeds *pro se*. "[T]he Court must construe a

claim submitted by a *pro se* litigant liberally and hold it to a less stringent standard than would

be applied to a pleading drafted by a lawyer." *Perkins v. Bank of New York Mellon*, 2011 U.S.

---

[2]       *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).

Dist. LEXIS 11215, *10-11 (E.D.Va. 2011)(citations omitted). "Yet, while *pro se* actions are to be generously construed, federal courts are not required to 'conjure up questions never squarely presented to them.'" Id. at *11 (internal citation omitted).

## LAW AND ARGUMENT

### I.       The Amendment Complaint Must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(5).

Plaintiff directed the United States Marshal Service to serve the "Amendment Complaint" on the "Ross Store Inc" location at "6298 Seven Corner[s] Center, Falls Church, VA 22044." *See,* **Exhibit 1**, United States Marshals Service Process Receipt and Return. The papers were served upon "Lucy Perdomo - Assistant store manager (Ross)." Id. As set forth in the Declaration of Ms. Perdomo, *see,* **Exhibit 2**, Ms. Perdomo is an assistant store manager for Ross Dress For Less, Inc., and is not an officer, director, or registered agent of Ross Stores, Inc.

Defendant Ross Stores, Inc. is incorporated in Delaware, as opposed to Virginia, and is, thus, a foreign corporation. *See,* **Exhibit 3**, Business Entity Detail.[3] Pursuant to Fed. R. Civ. P. 4(h)(1)(A), a foreign corporation must be served following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. *See also,* Fed. R. Civ. P. 4(e)(1).

Alternatively, service may be made by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant." *See,* Fed. R. Civ. P. 4(h)(1)(B). Plaintiff's attempted service failed to comply with either Fed. R. Civ. P. 4(h)(1)(A) or (B). Thus, the Amendment Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

---

[3]       Exhibit 3 is derived from the business entity search page of the Internet web site of the Delaware Secretary of State (https://delecorp.delaware.gov/tin/GINameSearch.jsp), last visited on February 9, 2011.

**a.      Service was not properly made pursuant to Fed. R. Civ. P. 4(h)(1)(A).**

Pursuant to Va. Code § 8.01-301, service on a foreign corporation can be effected in one of four ways. First, per Va. Code § 8.01-301(1), service on a foreign corporation not authorized to do business in the Commonwealth may be made by "personal service on any agent … wherever any such officer, director, or agents be found within the Commonwealth …."[4] Ms. Perdomo is a <u>Ross Dress For Less</u> assistant manager, not a <u>Ross Stores</u> assistant manager. Thus, no service was made on a director, officer, or agent of Ross Stores. Further, even if Ms. Perdomo *did* work for Ross Stores, she is not an officer or director, and she cannot be deemed an agent for purposes of serving process simply because she is an employee. *See, e.g., Plotzker v. Lamberth, et al.*, 2008 U.S. Dist. LEXIS 86198, *15 (W.D.Va. 2008)(holding process ineffective because a law firm's receptionist is not an "agent" for purposes of receiving service of process on the firm).

Virginia Code § 8.01-301(2) is inapplicable to Plaintiff's attempt to serve Defendant, as this section applies only to foreign corporations authorized to do business in the Commonwealth. Defendant is not so authorized, as set forth in footnote 4 below and Exhibit 4, referenced therein.

Virginia Code § 8.01-301(3) pertains to substituted service through the Secretary of the Commonwealth. There is no contention that Plaintiff sought to serve Defendant in such manner.

Virginia Code § 8.01-301(4) pertains to service by order of publication. There is no contention that Plaintiff sought to serve Defendant in such manner.

Accordingly, Plaintiff's attempt at service fails pursuant to Fed. R. Civ. P. 4(h)(1)(A).

---

[4]      As noted above and in Defendant's contemporaneously-filed Motion to Dismiss Pursuant to Plaintiff Naming Wrong Party as Defendant, Plaintiff errs in naming Ross Stores, Inc. as a defendant in this case, as Ross Stores does not own or operate the store location referenced throughout Plaintiff's complaint. In fact, Ross Stores is not registered (<u>and thus not authorized</u>) to do business in Virginia. *See,* **Exhibit 4** (indicating that Ross Stores is not a registered corporation in Virginia). Exhibit 4 is derived from the business entity search page of the Internet web site of the Virginia State Corporation Commission (http://www.scc.virginia.gov/clk/bussrch.aspx), last visited on February 8, 2011.

**b.**     **Service was not properly made pursuant to Fed. R. Civ. P. 4(h)(1)(B)**.

Per Fed. R. Civ. P. 4(h)(1)(B), service may be made by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant." As noted above, service was not made on an officer, managing or general agent,[5] appointed agent, or statutory agent of Defendant. Accordingly, Plaintiff's attempt at service fails pursuant to Fed. R. Civ. P. 4(h)(1)(B).

Thus, pursuant to the foregoing and Fed. R. Civ. P. 12(b)(5), Plaintiff's "Amendment Complaint" must be dismissed for insufficient service of process.

## II.     The Amendment Complaint Must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff claims in Section II ("Preliminary Statement of Complaint") of the lawsuit that there are seven claims at issue. Section IV ("Cause[s] of Action"), however, lists only four causes of action: (1) "Ross Store's Negligence for liquids bottle falling from displaying shelf;" (2) "Malicious intention to deprive Ms. Zhang of right of liberty and freedom;" (3) "Intentional Infliction of Emotional Distress"; and (4) "Discrimination in a place of public accommodation."

In light of the fact that Plaintiff was sophisticated enough to separately label her purported causes of action in Section IV of the lawsuit, it may be expedient to simply disregard Plaintiff's attempt to "summarize" her claims in Section II. However, due to Plaintiff's *pro se* status, Defendant will briefly address the seven purported claims purportedly summarized in Section II of the lawsuit. First, Plaintiff refers to alleged "negligence of Ross Store Inc. to an invitee." This shall be dealt with below in the context of analyzing Count I of the complaint.

---

[5]      *Plotzker*, 2008 U.S. Dist. LEXIS 86198, *15.

Second, Plaintiff alleges "Intentional infliction of emotional distress by initiating criminal trespass to further harm Ms. Zhang after Ross unsafe premise caused Ms. Zhang slip and fall injures [sic]." This shall be dealt with in the context of analyzing Count III of the complaint.

Third, Plaintiff alleges some sort of conspiracy between the alleged store manager and "Police Regan and Police Green." The stream-of-consciousness diatribe set forth in Count III appears to include reference to both a conspiracy and the police, so this item shall be dealt with in the context of analyzing Count III of the complaint.

Fourth, Plaintiff contends a "Violation of Civil Rights" occurred. This contention shall be dealt with in the context of analyzing Count IV of the complaint.

Fifth, Plaintiff opines that there was a "Conspiracy defamation with malice to deprive plaintiff of liberty and freedom and conspiracy fabricate story to harm plaintiff and damaged [sic] plaintiff's very good reputation and very bright legal career ...." Conspiracy and fabrication are referenced in both Counts II and III, but seem to come up more often in Count III, so this item will, for organizational purposes, be deemed to fall within Count III's broad borders.

Sixth, Plaintiff states "Violation of Fairfax County's Human Rights Ordinance, § 11-1-6." This item can be summarily dismissed, as Fairfax's Human Rights Ordinance does not give rise to a private cause of action in the courts. Instead, an alleged discrimination victim may, by filing a complaint with the Fairfax County Human Rights Commission, be awarded damages *by the Commission*. No provision is made in the Human Rights Ordinance for a citizen to seek private redress in any court. Defendant, for the Court's convenience, attaches hereto Chapter 11 of the Code of Fairfax County ("Human Rights Ordinance"). *See,* **Exhibit 5**. The Court's attention is specifically directed to §§ 11-1-10; 11-1-11; 11-1-13; 11-1-15; and, 11-1-20.

Seventh, Plaintiff states "Violation of Virginia Human Rights Act § 2.2-3901." This item can be summarily dismissed, as the Virginia Human Rights Act does not give rise to a private cause of action except where an employer terminates an employee for discriminatory reasons. Plaintiff does not allege an employee-employer relationship between her and Defendant. *See*, Va. Code §§ 2.2-3900 - 2.2-3902 (Virginia Human Rights Act); § 2.2-2632 (Virginia Human Rights Council); § 2.2-2638 (limiting private causes of action arising under the Human Rights Act).

**a.      Count I: Ross Store's Negligence for liquids [sic] bottle falling from displaying [sic] shelf.**

Turning to the first count in the lawsuit, negligence, Plaintiff alleges that she was "looking for the ladies dresses" while holding two articles of clothing in each hand, and slipped on "a lot of slippery liquids on the floor" in the store. Am. Comp. Section V, ¶¶ 1-2.

"[A] 'plaintiff who seeks to establish actionable negligence must plead the existence of a legal duty, violation of that duty, and proximate causation which results in injury.'" *Kellerman v. McDonough*, 278 Va. 478, 487, 684 S.E.2d 786, 790 (Va. 2009)(internal citations omitted). However, "while a storeowner 'must give notice or warning of an unsafe condition which is known to him and is unknown to the invitee, such notice is not required where the dangerous condition is open and obvious, and is patent to a reasonable person exercising ordinary care for his own safety.'" *Fultz v. Delhaize America, Inc.*, 278 Va. 84, 89, 677 S.E.2d 272, 274 (Va. 2009)(internal citations omitted); *see also, Town of Hillsville v. Nester*, 215 Va. 4, 5, 205 S.E.2d 398, 399 (Va. 1974)(reversing trial court's failure to grant motion to strike because a two-and-a-half inch ledge in a settled segment of sidewalk was an open and obvious defect that, by the exercise of ordinary care, could, and should, have been seen by the plaintiff).

Plaintiff fails to allege that Defendant knew of the alleged large quantity of liquids on the floor. Further, Defendant, by alleging that there were "a lot of slippery liquids on the floor," alleges the existence of a large pool of liquids. This amounts to a concession that the alleged "dangerous condition" was open and obvious to a reasonable person exercising ordinary care for her own safety. Defendant's allegation that she was looking around (either for women's dresses or a cashier) while holding multiple articles of clothing in both hands indicates that she was not exercising ordinary care when she failed to notice the open and obvious defect of a large pool of liquid directly in front of her. Accordingly, this aspect of Count I must be dismissed.

Count I also alleges that Defendant had a "continual duty" to Plaintiff *after* the alleged injury, and that Defendant was bound to help Plaintiff "healthy leave" the store. Am. Comp., Count I, p. 7. These allegations do not state a claim. "There is no general duty to provide medical assistance to others in Virginia." *Ayers v. White*, 77 Va. Cir. 302, 308 (Va. Cir. Ct., 2008).

Further, Plaintiff alleges in a conclusory manner that the alleged store manager, Thomas Stewart, "intentionally and maliciously fabricate [sic] stories to further harm Ms. Zhang with malice to deprive of her liberty and freedom rights." Am. Comp., Count I, p. 7. Plaintiff fails, however, to set forth in Count I or any preceding factual summary a single factual allegation regarding (i) Mr. Stewart's intent, (ii) the allegedly false statements made by Mr. Stewart, or (iii) how Plaintiff was deprived of either liberty or freedom, and this failure to allege anything beyond unsupported conclusions is fatal to the viability of Count I. *See, Ashcroft,* 129 S. Ct at 1951, 173 L. Ed. 2d at 886 ("It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

Accordingly, the entirety of Count I must be dismissed as failing to state a claim.

**b.      Count II: Malicious intention to deprive Ms. Zhang of right of liberty and freedom.**

Plaintiff's second count is two sentences long and consists entirely of conclusory allegations. First, Plaintiff alleges that the alleged store manager, Thomas Stewart, "intentionally deprived Ms. Zhang of the right to liberty and freedom by conspiracy fabricating many stories and initiate a criminal trespass to further harm Ms. Zhang." Am. Comp., Count II, p. 7. Plaintiff fails, however, to set forth a single factual allegation regarding (i) how Plaintiff was deprived of either liberty or freedom, (ii) with whom Mr. Stewart conspired to fabricate stories, (iii) the content of any statement made by Mr. Stewart which could be construed as a fabrication, or (iv) how Mr. Stewart criminally trespassed upon Ms. Zhang's person.

In the second (and final) sentence of Count II, Plaintiff alleges that Mr. Stewart's vaguely-described "activities" were motivated by an intent to discriminate against Plaintiff "on the basis of national origin, namely limited English proficiency." Am. Comp., Count II, p. 7. Plaintiff fails to set forth a single factual allegation indicating that any action Mr. Stewart took or failed to take was motivated by the intent to discriminate against Plaintiff due to her national origin or language skills. In fact, Plaintiff fails to allege (i) her nationality, (ii) that Mr. Stewart knew of Plaintiff's national origin, or (iii) how Mr. Stewart conveyed to Plaintiff that his alleged actions or omissions were motivated in any way by Plaintiff's national origin or language skills.

The foregoing failures to allege anything beyond unsupported conclusions is fatal to the viability of Count II. *See, Ashcroft,* 129 S. Ct at 1951, 173 L. Ed. 2d at 886. Accordingly, the entirety of Count II must be dismissed as failing to state a claim.

**c.** **Count III: Intentional Infliction of Emotional Distress**.

Plaintiff's third count, Intentional Infliction of Emotional Distress, is a smorgasbord of angry, indignant, and adjective-laden allegations that ultimately fail to state a claim.

First, Plaintiff again raises the vague notion that Defendant "fail[ed] to take his [sic] duty for the ordinary care to Ms. Zhang as an injured invites [sic] **after** Ms. Zhang was injures [sic] in his [sic] unsafe premise." Am. Comp., Count III, p.7. (Emphasis added.) Plaintiff is, once more, incorrectly alleging that Defendant owed some duty to Plaintiff *after* she was allegedly injured. Simply put, Defendant did not have a duty to care for Plaintiff after any alleged injury. Further, in light of the fact that Plaintiff alleges that Defendant *failed* to take some requisite action, it is incumbent upon her to allege what actions *should* have been taken in order for Defendant to fulfill its (non-existent) "duty [of] ordinary care." Plaintiff fails to do so.

Second, Plaintiff alleges that she suffered "emotional distress" because Defendant "purposefully engages [sic] in behavior of defamation and maliciously making false statements to further harm Ms. Zhang, an injured invitee with his bad faith to deprive her of liberty and freedom so that he could easily and recklessly reach his bad faith to avoid his unsafe premise," and that this "behavior was intended to and caused severe mental distress in the plaintiff." Am. Comp., Count III, p.7. Plaintiff also opines that Defendant displayed "extreme and outrage [sic] behavior," and "initiat[ed] a criminal trespassing." Id. at p. 8. Plaintiff further alleges that the alleged store manager fabricated a story that Plaintiff "'told Officer Regan, Officer Green and Thomas Stewart that [Plaintiff] would not leave the store until Mr. Thomas Stewart gave her money due to her alleged slipping [in] a liquid substance." Id. Plaintiff alleges that "police Regan" and "police Green" partook in the alleged fabrication. Id. Plaintiff also alleges that she was arrested for criminal trespass by "Police Regan." Id.

10

Plaintiff's litany of outrage fails to state a cognizable claim. A plaintiff alleging

intentional infliction of emotional distress must allege that "(1) the wrongdoer's conduct was

intentional or reckless; (2) the conduct was outrageous or intolerable; (3) there was a causal

connection between the wrongdoer's conduct and the resulting emotional distress; and (4) the

resulting emotional distress was severe." *Almy v. Grisham*, 273 Va. 68, 77, 639 S.E.2d 182, 186

(Va. 2007)(citations omitted). "The tort of intentional infliction of emotional distress is 'not

favored' in the law," and, thus, a plaintiff alleging this tort must allege in her initial pleading all

facts necessary to establish the cause of action in order to withstand a demurrer. *Id.,* 273 Va. at

77, 639 S.E.2d at 187 (internal citations omitted).[6]

Importantly, in order to adequately allege the second element of the tort, outrageous

conduct, a Plaintiff must allege facts indicating actions or omissions "'so outrageous in

character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.,* 273 Va. at 78, 639

S.E.2d at 187 (internal citations omitted).

Plaintiff's allegations do not adequately allege intentional infliction of emotional distress.

Plaintiff fails to allege: (i) what facts give rise to her conclusion that Defendant acted with malice

and/or an intent to cause Plaintiff "severe mental distress," thus failing to meet the first element

of the tort; (ii) outrageous or intolerable conduct, thus failing to meet the second element of the

tort; (iii) what symptoms of "severe mental distress" Plaintiff manifested, thus failing to satisfy

the fourth element of the tort; or (iv) how she was deprived of either liberty or freedom, a key

---

[6]     Even under the less-stringent federal standard governing motions to dismiss, a plaintiff may not
simply allege"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
statements." *Ashcroft*, 129 S. Ct. at 1949, 173 L. Ed. 2d at 884. Conclusory allegations are not entitled to
a presumption of truth. Id*.,*129 S. Ct. at 1951, 173 L. Ed. 2d at 886.

predicate of her allegation of distress, because while Plaintiff alleges that the police and the store manager conspired to send her to jail, she does not allege that she was actually sent to jail.

Regarding the second element, outrageous or intolerable conduct, the few factual allegations that can be gleaned from Plaintiff's lawsuit simply fail to rise to the level of atrocious behavior "so extreme in degree, as to go beyond all possible bounds of decency" required to state a claim. The facts, as opposed to legal conclusions, alleged by Plaintiff indicate that (i) she slipped while her hands were full and while she was not looking where she was going; (ii) she demanded, but did not receive, "Ross Store Insurance Information and Insurance policy Number"; (iii) Defendant did not give Plaintiff a copy of an incident report; (iv) Defendant cleaned up the alleged spilled liquid; (v) Defendant gave Plaintiff a claim number; (vi) Defendant gave Plaintiff a "false document without any medical policy" (whatever that may mean); (vii) Plaintiff refused to leave the store because she had not received Defendant's insurance information and/or "medical policy"; and, (viii) Plaintiff was arrested because Defendant told the police that she would not leave the store until Defendant either agreed to pay her money for her alleged injury or provided her with medical insurance. Am. Comp., pgs. 3-8.

Setting aside that a reasonable person analyzing Plaintiff's factual allegations would conclude that Defendant acted in an entirely reasonable manner in the face of Plaintiff's bizarre behavior, there is simply no way to construe the foregoing factual allegations as constituting "extreme" behavior by the Defendant going "beyond all possible bounds of decency." Plaintiff's failure to allege such extreme behavior on Defendant's part is fatal to her claim.

Regarding the fourth element, severe mental distress, Plaintiff alleges nothing more than the conclusory statement that she suffered "severe emotional distress." By contrast, and by way of example, the plaintiff in the *Almy* case alleged that the plaintiff's actions "caused her to suffer

from several debilitating conditions, including depression, nervousness, and an inability to sleep, which ultimately caused a complete disintegration of virtually every aspect of her life," and that "due to her 'major depressive disorder' caused by the defendants' false accusations, she was required to undergo extensive therapy," and was left "incapable of carrying out any of her work or family responsibilities." *Almy*, 273 Va. at 79-80, 639 S.E.2d at 188; *see also, Russo v. White*, 241 Va. 23, 28, 400 S.E.2d 160, 163 (Va. 1991).[7] Plaintiff's allegations are simply inadequate.

Count III also references a "malicious fabrication" by the alleged store manager. Importantly, the <u>sole</u> statement Plaintiff attributes to the alleged store manager, Mr. Stewart, is that he, <u>along with "Officer Regan" and "Officer Green</u>," contended that Plaintiff wanted money in return for leaving the store. Am. Comp., Count III, p. 8.

First, Plaintiff fails to allege to whom this alleged statement was made, a key fact in the narrative and in alleging defamation.

Second, if the two police officers, Regan and Green, partook in the fabrication, as Plaintiff alleges, then it cannot reasonably be argued that anything stated by the alleged store manager led to Plaintiff's arrest, thus undermining any claim of proximately-caused harm. Put differently, if the police had the intent to fabricate a story in order to arrest the Plaintiff, which is what Plaintiff alleges, then nothing Mr. Stewart stated, or failed to state, would impact the police officers' ability to carry out their supposed scheme. It is the police, not Defendant, who are imbued with arrest powers.

---

[7]     The plaintiff in *Russo* failed to meet the fourth element of the tort because, although she alleged that she "[was] nervous, could not sleep, experienced stress and 'its physical symptoms,' withdrew from activities, and was unable to concentrate at work," plaintiff did not allege "any objective physical injury caused by the stress, that she sought medical attention, that she was confined at home or in a hospital, or that she lost income." Thus, the Virginia Supreme Court "conclude[d] that the alleged effect on the plaintiff's sensitivities is not the type of extreme emotional distress that is so severe that no reasonable person could be expected to endure it," and affirmed the dismissal of plaintiff's claim.

Third, and importantly, Plaintiff, on May 4, 2009, entered a plea of *nolo contendere* to a charge of trespassing on the store's property on November 29, 2008. *See,* **Exhibit 6**, Warrant of Arrest – Misdemeanor (State).[8] The second page of the Warrant of Arrest indicates that the Court found "facts sufficient to find guilt," but deferred adjudication until April, 2010. It is black letter law in Virginia that "'by entering a plea of *nolo contendere*, [a] defendant "implies a confession . . . of the truth of the charge . . . [and] agrees that the court may consider him guilty" for the purpose of imposing judgment and sentence ....'" *Brown v. Commonwealth*, 278 Va. 92, 100, 677 S.E.2d 220, 224 (Va. 2009)(citations omitted). Thus, any allegation made by Plaintiff related to any alleged false statements attributed to Mr. Stewart leading to Plaintiff's arrest for trespass are belied by her conceding the truth of the trespass charge in a criminal proceeding.[9]

Insofar as Plaintiff implies a conspiracy amongst Defendant, "police Regan," and "police Green" to inflict emotional distress upon Plaintiff, the Virginia Supreme Court has specifically held that no cause of action for civil conspiracy to intentionally inflict emotional distress exists. *Almy,* 273 Va. at 81, 639 S.E.2d at 189 ("[W]e hold that a plaintiff may not assert a cause of action in Virginia for civil conspiracy to intentionally inflict severe emotional distress.").

Per the foregoing reasons, Count III must be dismissed for failing to state a claim for intentional infliction of emotional distress or any other cognizable cause of action.

---

[8]    The copy of Plaintiff's arrest warrant attached hereto is derived from a Memorandum of Points and Authorities in Support of Motion to Dismiss (Document 16) filed on January 25, 2011 by the Fairfax County Office of the County Attorney in Case No. 1:10-cv-01329-TSE-TCB before the United States District Court for the Eastern District of Virginia. Said case was filed by Plaintiff against the two police officers she references in the Amendment Complaint, Regan and Green. As pointed out in the third footnote of Fairfax County's pleading, the Court may take judicial notice of a certified copy of the warrant without converting a motion to dismiss to a motion for summary judgment. The copy attached hereto is not certified, but Defendant incorporates by reference the certified copy attached to Fairfax County's Memorandum of Points and Authorities in Support of Motion to Dismiss.

[9]    Plaintiff, in opposing Fairfax County's Motion to Dismiss, contends that she entered the plea of *nolo contendere* in error and is appealing said plea. The plea, however, remains a fact until reversed.

    **d.**    **Count IV: Discrimination in a place of public accommodation**.

Plaintiff alleges that Defendant violated 42 U.S.C § 2000a ("Prohibition against discrimination or segregation in places of public accommodation."). The basis for this allegation is that "[alleged store manager] Thomas Stewart asked police Regan to remove Ms. Zhang, an injured victim from Ross when she was peacefully and quietly to wait [sic] for her friend' [sic] help to hospital," and that this constituted discrimination against Plaintiff because "she was injured and treated ... differently [than] non-injured persons." Am. Comp., Count IV, p. 9. Plaintiff alleges that causing her to be removed from the store was both forceful and malicious, and "clearly" discriminatory under Title II of the Civil Rights Act of 1964. Plaintiff alleges that she was "deprived of [her] right to go to buy clothes in Ross" due to her "physical injuries ...."

While Defendant assuredly has no desire to disabuse any potential patron of a belief in the existence of a statutory right to purchase clothes at Ross, Plaintiff is flatly incorrect that any such right arises under 42 U.S.C. § 2000a. Title 42, Section 2000a states:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, **as defined in this section**, without discrimination or segregation on the ground of **race, color, religion, or national origin**.

42 U.S.C. § 2000a(a)(emphases added).

As a threshold matter, Plaintiff's claim fails because she does not allege, in Count IV, that she was discriminated against because of race, color, religion, or national origin. In fact, she never alleges her race, color, religion, or national origin. Instead, she alleges that she was discriminated against based on being part of a class of individuals heretofore unrecognized in the law: "injured." While policy arguments may exist about whether "injured" should be protected by 42 U.S.C. § 2000a, they are not encompassed by the statute as of now. Only race, color,

religion, and national origin are covered by the statute, and there is no allegation of discrimination on any of those bases within Count IV of the Amendment Complaint.

Further, even if Plaintiff alleged that she was discriminated against on the basis of any of the grounds covered by 42 U.S.C. § 2000a, Plaintiff's claim still fails as a matter of law, because said statute does not pertain to every "place of public accommodation." Instead, it pertains to places of public accommodation *as defined in the statute*. A place of public accommodation, within the meaning of the statute is:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
>
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
>
> (4) any establishment
>
> (A) (i) which is physically located within the premises of any establishment otherwise covered by this subsection, or
>
> (ii) within the premises of which is physically located any such covered establishment, and
>
> (B) which holds itself out as serving patrons of such covered establishment.
>
> 42 U.S.C. § 2000a(b)(1-4).

Plaintiff does not allege that the Ross store in question provides lodging. Plaintiff does not allege that Ross is a restaurant, soda fountain, or is otherwise "principally engaged in selling food for consumption on the premises." Plaintiff does not allege that Ross is a motion picture

house or "other place of public exhibition or entertainment." And Plaintiff does not allege that

contained within the Ross store in question is a place of lodging, food service business, or place

of public exhibition or entertainment. Thus, the retail store referenced throughout Plaintiff's

Amendment Complaint is not a "place of public accommodation" within the meaning of 42

U.S.C. § 2000a, and Plaintiff therefore fails to state a claim for violation of said statute. *See also,*

*Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006)("Title II sets forth a

comprehensive list of establishments that qualify as a 'place of public accommodation,' and in so

doing excludes from its coverage those categories of establishments not listed.").[10]

Finally, even if Plaintiff states a Title II claim, her request for "damages" in Count IV

must be dismissed, as only injunctive relief is available. *See,* 42 U.S.C. § 2000a-3.

Per the foregoing reasons, Count IV must be dismissed for failing to state a claim.

**e.     Plaintiff's request for punitive damages must be dismissed**.

Plaintiff seeks an award of punitive damages due to Defendant's alleged "bad faith,

dishonest, malice, wicked, and reckless, fabricated story to further harm Ms. Zhang and deprived

[sic] Ms. Zhang of liberty and freedom," all of which "injur[ed] ... Ms. Zhang in her very good

reputation and her bright legal career as well as her return to her formal legal expert position in

the United Nations." Am. Comp., Section VIII ("Punitive Damages"), p. 10.

**i.     Plaintiff cannot receive punitive damages because she is not entitled to compensatory damages.**

As set forth above, all of Plaintiff's "counts" fail to state a claim for relief and, therefore,

all must be dismissed. Plaintiff therefore cannot recover compensatory damages, and, in the

absence of an award of compensatory damages, a litigant cannot be awarded punitive damages.

---

[10]      Further, no other allegation in the Amendment Complaint gives rise to a cause of action pursuant
to any other statute in Title 42, Chapter 21, Subchapter II (42 U.S.C. §§ 2000a – 2000a-6).

*Syed v. ZH Technologies, Inc., et al.*, 280 Va. 58, 74-75, 694 S.E.2d 625, 634 (Va. 2010)("It is well-established that 'an award of compensatory damages . . . is an indispensable predicate for an award of punitive damages, except in actions for libel and slander.'")(internal citations omitted).

> ii.   **Plaintiff does not allege facts supporting a claim for punitive damages**.

Even if Plaintiff could recover compensatory damages, Plaintiff's alleged basis for seeking an award of punitive damages is conclusory. As stated by the Virginia Supreme Court:

> A claim for punitive damages ... must be supported by factual allegations sufficient to establish that the defendant's conduct was willful or wanton.  Willful and wanton negligence is action undertaken in conscious disregard of another's rights, or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another.

*Woods v. Mendez, et al.*, 265 Va. 68, 76, 574 S.E.2d 263, 268 (Va. 2003)(citations omitted).

First, there are no factual allegations supporting Plaintiff's allegations that she was deprived of liberty or freedom. Second, Plaintiff fails to allege any facts supporting her contention that Defendant acted wickedly, as discussed above in the context of explaining why Plaintiff's allegations do not amount to allegations of outrageous conduct on Defendant's part. Third, Plaintiff fails to allege any facts bolstering her claims that: (i) she has a very good reputation; (ii) her very good reputation was in any way harmed (e.g., Plaintiff fails to allege who, exactly, thinks less of Plaintiff after this particular foray to a Ross Dress For Less store); (iii) she has a legal career; (iv) her legal career was bright; (v) her legal career is now dim due to the allegations in the Amendment Complaint; or (vi) she cannot return to work for the United Nations due to the alleged actions of Defendant.

Thus, practically every aspect of Plaintiff's alleged basis for seeking an award of punitive damages is conclusory in nature, and conclusory allegations cannot form the basis for Plaintiff's

request. *See, Ashcroft,* 129 S. Ct at 1951, 173 L. Ed. 2d at 886.

      Further, the few factual allegations that can be gleaned from Plaintiff's lawsuit do not support an award of punitive damages, as Virginia sets a high bar for obtaining punitive damages. "[P]unitive damages are generally not favored and 'should be awarded only in cases involving the most egregious conduct,'"; further, "'[w]here the act or omission complained of is free from fraud, malice, oppression, or other special motives of aggravation, damages by way of punishment cannot be awarded ...." *Xspedius Mgt. Co. of Va., L.L.C. v. Stephan*, 269 Va. 421, 425, 611 S.E.2d 385, 387 (Va. 2005)(internal citations omitted); *see also, Giant of Virginia, Inc., v. Pigg*, 207 Va. 679, 685-686, 152 S.E.2d 271, 277 (Va. 1967)(affirming trial court's setting aside of jury award of punitive damages and stating that malice requires that a defendant "acted with ... personal ill will, or under circumstances of insult, rudeness, or oppression, or in a manner showing reckless and wanton disregard of plaintiff's rights ...."). As set forth above in explaining Plaintiff's failure to allege outrageous conduct, Plaintiff's allegations simply do not rise to the level of malice, oppression, or personal ill will, necessary to seek an award of punitive damages.

      **iii.**    **Plaintiff cannot be awarded punitive damages because she does not allege that Defendant authorized the actions of alleged store manager Thomas Stewart or subsequently ratified Mr. Stewart's actions.**

      "Punitive damages cannot be awarded against a corporation for the wrongful act of its agent unless the acts were either authorized or subsequently ratified by the corporation."[11] Plaintiff's allegations are entirely in the nature of *respondeat superior*, as every allegation of wrongdoing is attributed to Defendant's alleged employee, alleged store manager Thomas Stewart. *Respondeat superior* cannot, however, serve as a basis for an award of punitive damages unless Plaintiff alleges that Defendant (i) authorized Mr. Stewart's alleged sundry

---

[11]    *Salmeron v. Wendy's International, Inc., et al.*, 70 Va. Cir. 247, 251 (Va. Cir. Ct., 2006).

wrongdoing, or (ii) subsequently ratified Mr. Stewart's actions or omissions. *See, e.g., Sun Life Assurance Co. of Canada v. Bailey*, 101 Va. 443, 450, 44 S.E.2d 692, 694 (Va. 1903)("The court … properly … told the jury that …they could not give punitive or exemplary damages unless they believed … that the alleged libel of the agent was either authorized by the defendant [employer], or was subsequently ratified by it."). No such allegations are stated by Plaintiff anywhere in the Amendment Complaint.

Accordingly, for all of the foregoing reasons, Plaintiff's request for an award of punitive damages fails as a matter of law and should be dismissed with prejudice.

     **f.**     **Plaintiff's request for an award of attorney's fees fails as a matter of law**.

Plaintiff seeks an award of attorney's fees, costs, and expenses. Am. Comp., Section IX ("Prayer for Relief"), p. 11. "'[T]he general rule in this Commonwealth is that in the absence of a statute or contract to the contrary, a court may not award attorney's fees to the prevailing party." *Carlson v. Wells*, 2011 Va. LEXIS 30, *23-26 (Va. 2011). Here, Plaintiff does not allege any statutory or contractual basis entitling her to an award of attorney's fees, costs, and/or expenses, and, thus, her request for such relief must be dismissed as a matter of law.

## CONCLUSION

Wherefore, Defendant Ross Stores, Inc., respectfully requests that the Court grant its Motion to Dismiss Pursuant to Rule 12, dismiss the Amendment Complaint due to insufficient service of process, dismiss with prejudice all of Plaintiff's counts pursuant to Plaintiff's failure to state any claims against Defendant, dismiss with prejudice Plaintiff's request for an award of punitive damages, dismiss with prejudice Plaintiff's request for an award of attorney's fees, costs, and expenses, and grant such other relief as the Court deems fair and just.

**ROSS STORES, INC.**

 **/s/ Stephen D. Charnoff**
Stephen D. Charnoff (VSB No. 65329)
scharnoff@reesbroome.com
Susan Richards Salen (VSB No. 27700)
ssalen@reesbroome.com
REES BROOME, PC
8133 Leesburg Pike, Suite 900
Vienna, VA 22182
(703) 790-1911(t)/(703) 356-0527 (f)
*Counsel for Defendant Ross Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2011, the foregoing will be served via e-mail and hand-delivery to the addresses set forth below, and will also be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the Plaintiff, unless she is not set up to receive electronic filing.

Xuli Zhang
Master of International Law
Master of International Human Rights Law
6669 Gouthier Rd.
Falls Church, VA 22042
(202) 705-1912 (t) [No facsimile number provided]
zhangxuli@hotmail.com
*Plaintiff pro se*

**ROSS STORES, INC.**
**By Counsel**

 **/s/ Stephen D. Charnoff**
Stephen D. Charnoff (VSB No. 65329)
scharnoff@reesbroome.com
Susan Richards Salen (VSB No. 27700)
ssalen@reesbroome.com
REES BROOME, PC
Suite 900
8133 Leesburg Pike
Vienna, VA 22182
(703) 790-1911 (t)
(703) 356-0527 (f)
*Counsel for Defendant Ross Stores, Inc.*